IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
HATTIE L. THOMAS,                )
                                 )
            Plaintiff,           )
                                 )
       v.                        )   1:11CV606
                                 )
BANK OF AMERICA, N.A.,           )
                                 )
            Defendant.           )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

The instant matter comes before the undersigned United States Magistrate Judge for a recommended ruling on the Motion for Summary Judgment (Docket Entry 17) of Defendant Bank of America, N.A. (more properly referred to as FIA Card Services, N.A.) ("FIA"). For the reasons that follow, the Court should grant Defendant's instant Motion in part and deny it in part.

### Background

Plaintiff's Complaint, filed with this Court pro se, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq., against Bank of America, N.A. (more properly referred to as FIA). (See Docket Entry 2.) Plaintiff's allegations relate to a perceived failure on the part of FIA to adequately investigate Plaintiff's disputed ownership of certain accounts and to refrain from reporting information related to said accounts. (See Docket Entry 2, ¶¶ 7, 23.) Without identifying the

accounts in question or how ownership of these accounts was disputed, Plaintiff alleges:

> Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2 and 168H:
>
> a. Willfully and/or negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;
>
> b. Willfully and/or negligently failing to review all relevant information concerning Plaintiffs [sic] accounts which was provided to Defendant;
>
> c. Willfully and/or negligently reporting the inaccurate status of the information to all credit reporting agencies;
>
> d. Willfully and/or negligently failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all Credit reporting agencies concerning the inaccurate information disputed by Plaintiff;
>
> e. Willfully and/or negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff, despite knowing that said information was inaccurate;
>
> f. Willfully and/or negligently failing to comply with the requirements imposed on furnishes [sic] of information pursuant to 15 U.S.C. § 1681s-2; and/or
>
> g. Willfully and/or negligently failing to comply with the requirements imposed on consumer reporting agencies pursuant to 15 U.S.C. § 1681i.

(Id., ¶ 23.)

FIA has now filed the instant motion for summary judgment (Docket Entry 17) which moves the Court to find for FIA as a matter of law (Docket Entry 18 at 1) and to award FIA "costs of suit" (id. at 8). The Clerk mailed Plaintiff a letter explaining that Plaintiff had "the right to file a 20-page response in opposition to [FIA's instant Motion] . . . ." (Docket Entry 21 at 1.) The letter specifically cautioned Plaintiff that her "failure to respond or, if appropriate, to file affidavits or evidence in rebuttal within the allowed time may cause the court to conclude that the defendant's contentions are undisputed and/or that [she] no longer wish[es] to pursue the matter. Therefore, unless [she] file[s] a response in opposition to the defendant's motion, it is likely [her] case will be dismissed or summary judgment granted in favor of the defendant." (Id.) Despite these warnings, Plaintiff has not filed a response to FIA's instant Motion. (See Docket Entries dated Nov. 14, 2011, to present.)

## Summary Judgment

Plaintiff's case warrants a finding of summary judgment for FIA both because of Plaintiff's failure to respond to the instant Motion and because there is no genuine issue of material fact and FIA is entitled to judgment as a matter of law pursuant to Fed. R. Civ. P. 56.

Under this Court's Local Rules, failure to respond to a motion generally warrants granting the relief requested. See M.D.N.C. R.

7.3(k). Moreover, the Clerk specifically warned Plaintiff that her failure to respond to the instant Motion would likely lead to dismissal or a finding of summary judgment for FIA. (See Docket Entry 21 at 1.) Plaintiff has offered no explanation to the Court for said failure. Accordingly, the Court should follow its general rule and enter summary judgment.

In addition, FIA is entitled to summary judgment because there is no genuine issue of material fact. Under Fed. R. Civ. P. 56(a), "[t]he [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In considering that question, the Court "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000). However, "unsupported speculation is not sufficient to defeat a summary judgment motion if the undisputed evidence indicates that the other party should win as a matter of law." Francis v. Booz, Allen & Hamilton, Inc., 452 F.3d 299, 308 (4th Cir.2006).

In the instant case, a fair reading of Plaintiff's Complaint leads to the conclusion that Plaintiff brings this action against FIA specifically for violation of 15 U.S.C. § 1681s-2(b). Section 1681s-2(b) pertains to the obligations of an entity in FIA's role when given notice of a dispute from a consumer reporting agency. (See 15 U.S.C. § 1681s-2(b).) However, in conjunction with its

summary judgment motion, FIA has provided credible evidence showing that it never received notice from a consumer reporting agency of a dispute regarding Plaintiff's ownership of any account and that it therefore was under no obligation to take those steps outlined in 15 U.S.C. § 1681s-2(b).  Specifically, in the form of the sworn statements of its Vice President and Operations Manager (Docket Entry 19) and its Vice President and Operations Consultant (Docket Entry 20), FIA provides that:

- Plaintiff opened two accounts which FIA serviced.  The first, a Bank of America, N.A. credit card with account number ending in 9103 (the "9103 Account").  (Docket Entry 20, ¶ 3.)  The second, an MBNA America Bank, N.A. credit card account with account number ending in 3260 (the "3260 Account").  (Id., ¶ 8.)[1]

- Plaintiff defaulted on both accounts, (id., ¶¶ 7, 10), and both accounts were charged off as a loss to FIA and assigned new account numbers ending in 9543 (the "9543 Account") and 0800 (the "0800 Account"), respectively (id., ¶¶ 7, 13).

- FIA received a consumer dispute notification with respect to the 9543 Account submitted by an Isaac Earl Thomas (Docket Entry 19, ¶ 4) and, after investigation, FIA determined Isaac

---

[1] "In January 2006, Bank of America N.A. (USA) and MBNA America Bank, N.A. merged.  The resulting entity, FIA Card Services, N.A., continued to service both the 9103 and 3260 Accounts."  (Docket Entry 20, ¶ 12.)

Earl Thomas was not a responsible party for that account (id.).

- FIA received a consumer dispute notification with respect to the 0800 Account submitted again by an Isaac Earl Thomas (id., ¶ 6) and, after investigation, FIA determined Isaac Earl Thomas was not a responsible party for that account (id.).
- FIA never received a notification from a consumer reporting agency of a dispute by Plaintiff with respect to either the 9543 Account or the 0800 Account. (Id., ¶¶ 5, 7.)

Plaintiff, by not responding to the instant Motion, has provided no evidence to rebut FIA's showing. Accordingly, because the "undisputed evidence indicates that [FIA] should win as a matter of law," Booz, Allen & Hamilton, 452 F.3d at 308, FIA is entitled to summary judgment.

### Relief Under 15 U.S.C. §§ 1681n(c) and 1681o(b)

FIA also moves the Court for costs of suit. Although FIA does not specify under what provision it seeks said costs, the Court interprets it as a request under 15 U.S.C. §§ 1681n(c) and 1681o(b) of the FCRA which allow the Court to award attorney's fees upon a finding that Plaintiff filed her Complaint "in bad faith or for purposes of harassment." 15 U.S.C. §§ 1681n(c), 1681o(b). This contention requires the Court to find that Plaintiff "filed an action that was frivolous, unreasonable, or without foundation." Smith v. HM Wallace, Inc., No. 08-22372-CIV, 2009 WL 3179539, at *2

(S.D. Fla. Oct. 1, 2009) (unpublished); see also In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig., No. 3:08-MD-01998, 2010 WL 5147222, at *4 (W.D. Ky. Dec. 13, 2010) (unpublished) (citing same). "Bad faith is 'not simply bad judgment or negligence, but implies the conscious doing of a wrong because of a dishonest purpose or moral obliquity; . . . it contemplates a state of mind affirmatively operating with furtive design or ill will.'" Shah v. Collecto, Inc., No. Civ.A.2004-4059, 2005 WL 2216242, *14 (D. Md. Sept. 12, 2005) (unpublished) (quoting Black's Law Dictionary 139 (6th ed. 1990)); see also In re 1997 Grand Jury, 215 F.3d 430, 436 (4th Cir. 2000) (citing same bad faith definition in analysis of sanctions related to criminal complaint filing).

Furthermore, this determination must focus on the plaintiff's mental state at the time of filing. See Rogers v. Johnson-Norman, 514 F. Supp. 2d 50, 52 (D.D.C. 2007) ("It is not enough to show that the 'pleading, motion, or other paper' in question 'later turned out to be baseless.'" (quoting Ryan v. Trans Union Corp., No. 99-216, 2001 WL 185182, at *6 (N.D. Ill. Feb. 26, 2001) (unpublished))). The moving party bears the burden to show entitlement to fees. See Eller v. Experian Info. Solutions, Inc., Civil Action No. 09-cv-00040-WJM-KMT, 2011 WL 3365955, at *18 (D. Colo. May 17, 2011) (unpublished) ("It appears the burden is on the party moving for fees under Sections 1681n or 1681o to demonstrate that they are warranted."); DeBusk v. Wachovia Bank, No. CV 06-

0324-PHX-NVW, 2006 WL 3735963, *4 (D. Ariz. Nov. 17, 2006) (unpublished) ("It is the burden of the party moving for fees under § 1681n(c) to demonstrate that they are warranted.").

FIA has provided no basis for the Court to find the required mens rea of Plaintiff. Accordingly, to the extent FIA requests relief under 15 U.S.C. §§ 1681n(c) and 1681o(b), the instant Motion should be denied.

## Conclusion

On the record of this case, no reason exists to depart from the general rule that Plaintiff's failure to respond to FIA's instant Motion warrants the granting of summary judgment for FIA. See M.D.N.C. R. 7.3(k). Furthermore, because Plaintiff failed to rebut FIA's evidentiary showing, the "undisputed evidence indicates that [FIA] should win as a matter of law." Booz, Allen & Hamilton, 452 F.3d at 308. However, because the record lacks sufficient evidence to support a finding that Plaintiff filed her Complaint "in bad faith or for purposes of harassment," the Court should decline to award attorney's fees to FIA under 15 U.S.C. §§ 1681n(c) and 1681o(b).

**IT IS THEREFORE RECOMMENDED** that FIA's Motion for Summary Judgment (Docket Entry 17) be **GRANTED IN PART** and **DENIED IN PART** in that the Court should enter judgment as a matter of law for FIA and should dismiss this action with prejudice, but the Court should

decline to award attorney's fees under 15 U.S.C. §§ 1681n(c) and 1681o(b).

                                                      <u>/s/ L. Patrick Auld</u>
                                                             **L. Patrick Auld**
                                       **United States Magistrate Judge**

January 30, 2012